BOWEN, Presiding Judge,
concurring in result only.
I disagree with the majority’s conclusion that the notice requirement of Ala.Code 1975, § 15-25-35, does not apply to subsection (1) of § 15-25-32.
Read together, §§ 15-25-32(1), 15-25-32(2), and 15-25-35 appear to guarantee that the defense be given notice of any out-of-court statement by the child, whether that statement is presented through the child’s live testimony, through the child’s deposition, or through the testimony of another witness.
Although the prosecutor in this case wrongly contended, in my opinion, that he was not required to give the defense notice of the child’s out-of-court statements because the child had previously given a deposition, it appears that the defense in fact had notice of the content of the statements.
In this case, the child, in substance, made only one out-of-court statement, although she made the statement to several different persons. At trial, every witness who testified to an out-of-court statement made by the child stated that the young girl said the same, thing: “her Paw Paw had touched her to-to.” R. 62, 66. Under the circumstances of this case, it is clear that prior to the child’s deposition, the defense had notice of that statement and that the child was, therefore, “subject to cross-examination about” that statement. Ala.Code 1975, § 15-25-32(1).